IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DAVID BRANDFORD, *

Plaintiff, *

v. * Civil Action No. RDB-11-00836

SHANNON-BAUM SIGNS, INC., *

Defendant. *

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiff David Brandford ("Plaintiff" or "Brandford") has brought this action against his former employer Defendant Shannon-Baum Signs, Inc. ("Defendant" or "Employer") for age and disability discrimination, as well as retaliation in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.*, the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. §§ 12112 *et seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.* Pending before this Court is Defendant Shannon-Baum Signs, Inc.'s Motion to Dismiss Complaint or in the Alternative for Summary Judgment (ECF No. 8). The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED.

BACKGROUND

This Court accepts as true the facts alleged in the plaintiff's' complaint. *See Aziz v. Alcolac, Inc.*, 658 F.3d 388, 390 (4th Cir. 2011). Plaintiff David Branford ("Branford" or

"Plaintiff") was fifty-four years old at the time of the filing of the Complaint. Pl.'s Compl. ¶ 4, ECF No. 1. He alleges that at all times relevant to the Complaint he was diagnosed as having depression and other mental disorders. *Id.*

On November 12, 1980, Brandford began working for Defendant Shannon-Baum Signs, Inc., ("Defendant" or "Employer") as a Shipping and Receiving Printer. *Id.* ¶ 6. Plaintiff alleges that throughout his employment with Defendant he was promoted to the positions of Shop Manager and General Manager and then subsequently demoted to the position of Screen Printer.[1] *Id.* He was allegedly replaced as General Manager by an employee under the age of forty. *Id.* Brandford then alleges that upon disclosing his disabilities to Defendant and requesting reasonable accommodations, Defendant and its employees engaged in "conduct to harass, intimidate, tease, belittle, humiliate and otherwise injure Brandford." *Id.* ¶ 17. Specifically, Brandford alleges that Defendant not only allowed but encouraged other employees' harassing behaviors. *Id.* Management allegedly referred to him as "an 'old' Screen Printer [who] would not be working there much longer." *Id.* He further alleges that after requesting a list of his medications,[2] Defendant "removed mental health coverage from its health plan thereby depriving [him] of mental health treatment and mental health medication." *Id.* Additionally, Defendant allegedly removed a basketball hoop which Brandford had purchased and installed to use for "therapy purposes." *Id.* Brandford

---

[1] In response to this allegation, the Defendant notes that Brandford "voluntarily stepped down from this position in 2000." Def.'s Mot. to Dismiss ¶ 17, ECF No. 8. Moreover, in a letter sent to the Equal Employment Opportunity Commission ("EEOC") in response to Brandford's charge of age and disability discrimination, Defendant stated that Brandford had requested the reduced work load as well as supported the promotion of his nephew, Greg Taylor, to the position of screen print manager. August 4, 2009 Ltr. to the EEOC, ECF No. 8-2. Defendant contends that "[a]t no time was there ever a monetary reduction to his hourly wage, or reduction in his vacation time or health benefits, just a reduction in his work load." *Id.*

[2] Although the Complaint does not include a date for this event, the Equal Employment Opportunity Commission's ("EEOC") Determination Letter indicates that this request occurred in March 1999. EEOC Determination at 1, ECF No. 8-1.

also claims that unlike other employees, he was unable to set his own work schedule, take vacations or have access to dental health insurance. *Id.* Furthermore, Brandford claims that Defendant paid him less than younger employees with similar or lesser workloads and interfered with his ability to use the restrooms in accordance with his medical needs. *Id.*

On March 27, 2009, Brandford alleges that he was asked to "leave the work site" and that Defendant "then cut off the interactive process between it and Brandford [even refusing] to permit [his] wife to discuss" his ability to return to work. *Id.* ¶ 8. Although Defendant alleges that Brandford "abandoned his job," Brandford asserts that he was effectively terminated on that date.[3] *Id.* As a result, Plaintiff filed a charge of age and disability discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") on June 20, 2009. *Id.* ¶ 13. On September 29, 2009, the EEOC issued a statement with its determinations of the case. *Id.* ¶ 14. Specifically, the EEOC found that "the record reveale[d] that [Plaintiff] was a qualified individual with a disability" within the meaning of the Americans with Disabilities Act ("ADA") and that "there [was] reasonable cause to believe [Brandford] was subjected to discrimination and retaliation in violation of the" ADA. *Id.*; *see also* Exhibit 1, Def.'s Mot. to Dismiss at 3, ECF No. 8-1. However, it determined that it was unable to conclude that there were violations of the Age Discrimination and Employment Act or Title VII of the Civil Rights Act. Exhibit 1, Def.'s Mot. to Dismiss at 4. The parties were also invited to enter conciliation proceedings in an attempt to settle this matter. *Id.* The record is unclear as to what happened next but, over a

[3] During his Unemployment Insurance Appeal it was decided by the Maryland Department of Labor's Licensing and Regulation Division of Appeals that Brandford's "unemployment was due to leaving work voluntarily without good cause or valid circumstances within the meaning of" Marylan's Labor and Employment law. Unemployment Insurance Appeal Decision at 3, ECF No. 8-3.

year later on December 28, 2010,[4] Brandford claims that the EEOC issued him a Notice of Right to Sue indicating that the parties had not successfully resolved the matter through conciliation proceedings. Pl.'s Compl. ¶ 15. Plaintiff then brought this action before this Court on March 31, 2011.

STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In ruling on such a motion, this Court is guided by the Supreme Court's instructions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) which "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. July 5, 2012) (citation omitted). The Supreme Court's *Twombly* decision articulated "[t]wo working principles" courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678.

---

[4] According to a Notice of Right to Sue, a plaintiff must bring his claims against a defendant within ninety (90) days after the receipt of this notice. Plaintiff states that the postmark date on the Right to Sue Notice was January 6, 2011 and that he received it on January 8, 2011. Pl.'s Compl. ¶ 15. As such, taking the facts in the light most favorable to the plaintiff, Brandford has satisfied the timely filing requirement. *See Terrell v. Injured Workers Ins. Fund*, RDB-11-330, 2012 WL 3144484 at * 2 (D. Md. July 31, 2012) (holding that the Complaint was timely based on the plaintiff's allegation in the Amended Complaint that she received the Right-to-Sue Notice three days later than initially alleged in the original Complaint.).

First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim.) Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Id.* at 679. Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Although the plausibility requirement does not impose a "probability requirement," *id.* at 556, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663; *see also Robertson v. Sea Pines Real Estate Cos.*, 679 F.3d 278, 291 (4th Cir. May 14, 2012) ("A complaint need not make a case against a defendant or *forecast evidence* sufficient to *prove* an element of the claim. It need only *allege facts* sufficient to *state* elements of the claim.") (emphasis in original) (internal quotation marks and citation omitted). In short, a court must "draw on its judicial experience and common sense" to determine whether the pleader has stated a plausible claim for relief." *Iqbal*, 556 U.S. at 664.

## ANALYSIS

### I. Age Discrimination Claim Under the Age Discrimination in Employment Act

Defendant asserts that Brandford's Complaint fails to state a claim of age discrimination under the Age Discrimination in Employment Act ("ADEA") because his claims are time-barred and he failed to exhaust his administrative remedies. An employee bringing suit under the ADEA must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. §

626(d). The parties agree that with respect to Maryland law, an EEOC charge must be filed no later than 300 days[5] after the alleged unlawful employment practice. *EEOC v. Hansa Products, Inc.*, 844 F.2d 191, 192 (4th Cir. 1988); *White v. Mortgage Dynamics, Inc.*, 528 F. Supp. 2d 576 (D. Md. 2007). Although Brandford alleges that he was demoted and replaced by a person under the age of forty, the record reflects that this event occurred in 2000 which is nine years prior to his filing of the initial EEOC charge on June 20, 2009 and therefore time-barred by Maryland law. Brandford also claims that he was paid less than younger employees with similar or lesser workloads, but fails to state whether this happened within 300 days prior to his filing of the EEOC charge.

Even assuming these age discriminations claims are timely, Brandford still fails to meet the pleading requirements of a *prima facie* case of age discrimination under the ADEA. The ADEA "protect[s] a relatively old worker from discrimination that works to the advantage of the relatively young." *General Dynamics Land Systems, Inc. v.* Cline, 540 U.S. 581, 591 (2004). In order to allege a *prima facie* case of discriminatory discharge under the ADEA, a plaintiff must assert that he (1) is a member of the protected class, *i.e.* is at least 40 years old; (2) suffered an adverse employment action; (3) was meeting his employer's legitimate expectations at the time of the adverse action; and (4) was replaced by or treated less favorably than someone who is either outside the protected class or "substantially younger" than he is. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consol.*

---

[5] Under Title VII, such a claim must be filed with the EEOC within 180 days of the alleged misconduct. 42 U.S.C. § 2000e–5(e)(1). In a deferral state such as Maryland, this period is extended to 300 days in cases such as this, "when state law proscribes the alleged employment practice and the charge has initially been filed with a state deferral agency." *Williams v. Giant Food, Inc.*, 370 F.3d 423, 428 (4th Cir. 2004). A deferral state is one with "a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof." 42 U.S.C. § 2000e–5(e)(1); 29 U.S.C. § 626(d)(2). Maryland is classified as a deferral state because the Maryland Commission on Human Relations (MCHR) constitutes a state agency that is capable of providing relief from discrimination.

*Coin Caterers Corp.*, 517 U.S. 308, 313 (1996); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir.2004) (en banc). While Brandford's Complaint alleges that he was both part of the protected class and subjected to an adverse employment action, he fails to plead facts from which it can be inferred that he was meeting his employer's legitimate expectations.

Moreover, Brandford merely makes general conclusory allegations with respect to the fourth criteria. First, he states that after being demoted to the Screen Printer position, he was replaced by someone under the age of forty. However, while Brandford claims that he received a lesser salary than his younger colleagues, Defendant has demonstrated that there was no reduction in salary when he was appointed to the Screen Printer position and that his workload was lightened to take into account his mental health. Finally, although he alleges that he did not receive the same benefits as his other co-workers, he fails to explain how this disparity in treatment was linked to his age. As a result, Brandford's ADEA claim does not comply with the plausibility requirement imposed by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Id.* at 678. Accordingly, Brandford's conclusory allegations are insufficient to state a claim for relief. Therefore, his age discrimination claim is DISMISSED WITHOUT PREJUDICE.

## II. Disability Discrimination Claim Under the Americans with Disabilities Act

Defendant again contends that Brandford fails to state a *prima facie* case of disability discrimination under the Americans with Disabilities Act ("ADA"). To establish a *prima facie* case under the ADA, a plaintiff must allege that (1) he was subject to an adverse employment action, (2) he was a qualified individual with a disability under the ADA, (3) his performance at the time of the discharge met the legitimate expectations of his employer, and (4) "his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination." *Haulbrook v. Michelin N. Am.*, 252 F.3d 696, 702 (4th Cir. 2001) (citing *Ennis v. Nat'l Assoc. of Business & Educ. Radio*, 53 F.3d 55, 58 (4th Cir. 1995). A qualified individual with a disability is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds." 42 U.S.C. § 12111(8). Thus, to establish that he is a qualified individual, the Plaintiff must prove that (a) he was disabled when discharged and (b) he was qualified to perform the essential functions of his position. *Id.* To support the later allegation, the plaintiff must define the essential functions of his position by showing the court which functions "bear more than a marginal relationship to the job at issue." *Shin v. Univ. of Maryland Med. Sys. Corp.*, 369 F. App'x 472, 480 (4th Cir. 2010) (quoting *Tyndall v. Nat'l Educ. Ctrs., Inc. of Cal.*, 31 F.3d 209, 213 (4th Cir. 1994) (citations omitted)). Next, a plaintiff must show that he was qualified by demonstrating that he "possess[ed] the skills necessary" to perform the essential functions and was "willing and able to demonstrate these skills." *Tyndall*, 31 F.3d 209, 213 (4th Cir. 1994).

Brandford's allegations are insufficient to establish a *prima facie* case of disability discrimination claim under the ADA. Although Brandford asserts that he was terminated on

the basis of his mental state and depression, he does not allege that he could perform the essential functions of his position nor does he assert that he met the legitimate expectations of his employer. *See Ennis*, 53 F.3d at 61-62 (holding that the inquiry into the 'legitimate expectations" factor and the "essential functions" factor are distinct). Moreover, the Complaint merely contains conclusory statements and threadbare allegations unsupported by factual content in support of his allegations that his discharge occurred under circumstances that raise a reasonable inference of unlawful discrimination. While Bradford does refer to the EEOC's determination that there was reasonable cause to believe that he was discriminated against in violation of the ADA, such determinations do not override the requirement that a plaintiff plead a *prima facie* case at trial. *See EEOC v. Harvey L. Walner & Assoc.*, 91 F.3d 963, 968 n. 3 (7th Cir. 1996) ("This determination of reasonable cause is only an administrative prerequisite to a court action and has no legally binding significance in subsequent litigation.") (citing *EEOC v. J.M. Huber Corp.*, 927 F.2d 1322, 1331 (5th Cir. 1991); *Bell v. Bolger*, 708 F.2d 1312, 1321 (8th Cir. 1983) (holding that "the EEOC's recommendation that a finding of discrimination be made is entitled to deference" and that the plaintiff had established a *prima facie* case of rage and age discrimination); Cox *v. Babcock & Wilcox Co.*, 471 F.2d 13, 15 (4th Cir. 1972) (holding that the admission of the EEOC's record is within the district court's discretion). As a result, Brandford fails to state a claim of disability discrimination under the ADA and this claim is DISMISSED WITHOUT PREJUDICE.

**III. Retaliation under the ADA and Title VII**

Defendant also contends that Brandford fails to state a retaliation claim under either the ADA or Title VII. To establish a *prima facie* case of retaliation under the ADA, the

Plaintiff must demonstrate (1) that he engaged in a protected activity, (2) that his employer took a "materially" adverse action against him, and (3) that a causal connection existed between the activity and the adverse action. *Cepada v. Bd. of Educ. of Baltimore County*, 814 F. Supp. 2d 500, 514–15 (D. Md. 2011) (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *and Bryant v. Aiken Reg'l Med. Ctrs. Inc.*, 333 F.3d 536, 543 (4th Cir. 2003)). This Court has held that an inference of a causal connection exists where the adverse action occurs "shortly after learning of the protected activity." *Cepada*, 814 F.Supp.2d at 515 (citing *Price v. Thompson*, 380 F.3d 209, 213 (4th Cir.2004)). With regard to the first element, a protected activity may fall into two categories, opposition and participation. 42 U.S.C. § 2000e–3(a). The participation clause protects an employee from retaliation where he "has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing" under Title VII. *Id.* The United States Court of Appeals for the Fourth Circuit has held that "protected oppositional activities may include 'staging informal protests and voicing one's own opinions in order to bring attention to an employer's discriminatory activities,' as well as 'complaints . . . about suspected violations.' " *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005) (quoting *Bryant v. Aiken Reg'l. Med. Ctrs., Inc.*, 333 F.3d 536, 543–44 (4th Cir. 2003)). Brandford has neither alleged that he was engaged in activities covered under the participation clause or the opposition clause. He has not claimed that his discharge was in retaliation to his filing of a charge of discrimination. Additionally, he has not alleged having complained to his supervisors informally or formally about the treatment to which he was allegedly subjected. As such, he fails to state a claim of retaliation under the ADA and Title VII. Therefore, his retaliation claim is DISMISSED WITHOUT PREJUDICE.

**IV. Hostile Work Environment**

Although this claim is not explicitly present in the Complaint, Defendant additionally contends that Brandford failed to state a *prima facie* case of hostile work environment under Title VII. To establish a *prima facie* case of a hostile work environment, Brandford must demonstrate that: "(1) the harassment was unwelcome; (2) the harassment was based on his [disability or age;] (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for imposing liability on the employer." *Causey v. Balog*, 162 F.3d 795, 801 (4th Cir.1998). Brandford does not make a formal hostile work environment claim, however, he has alleged that he was harassed, teased, and intimidated on the basis of his age and disability and that this harassment was unwelcome.

Nevertheless, Brandford has not alleged conduct that was sufficiently "severe or pervasive" to create an abusive work environment. In weighing this factor, courts look at the totality of the circumstances and consider: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; and (4) whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993). In addition, courts are instructed that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998) (internal quotations omitted). His claim is not alleged with sufficient factual detail, and does not satisfy the "severe or pervasive" threshold because it does not show a pattern of egregious behavior. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (stating that isolated incidents of abusive language do not normally satisfy the prerequisite

showing of severity or pervasiveness). Plaintiff fails to identify the timing of these incidents and whether they occurred within 300 days of his filing of a discrimination charge with the EEOC. He fails to demonstrate their frequency and to establish whether they unreasonably interfered with his work performance. Finally, it is unclear from his allegations whether the conduct in question would have been physically threatening or humiliating. As such, Plaintiff has failed to comply with the *Iqbal-Twombly* plausibility requirement governing complaints. As a result, Brandford's hostile work environment claim is DISMISSED WITHOUT PREJUDICE. Therefore, Defendant's Motion to Dismiss is GRANTED.

## CONCLUSION

For the reasons stated above, Defendant Shannon-Baum Signs, Inc.'s Motion to Dismiss (ECF No. 8) is GRANTED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE

A separate Order follows.

Dated: August 15, 2012 /s/

Richard D. Bennett
United States District Judge